**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

───────────────────────────────

**DANIEL SOROKTI,**

                                                    **Plaintiff,**

         **- against -**

**THE CITY OF ROCHESTER, "JOHN DOE POLICE**
**OFFICERS 1-200" (names and number of whom**
**are unknown at present), TODD BAXTER,**
**"RICHARD ROE SHERIFF'S DEPUTIES 1-200"**
**(names and number of whom are unknown at**
**present), and other unidentified members of the**
**Rochester Police Department and Monroe County**
**Sheriff's Office, TIMOTHY NANRY,**

                                                    **Defendants.**

───────────────────────────────

**ANSWER TO FIRST**
**AMENDED COMPLAINT**

**Case No.:  6:21-cv-06709**

         Defendant, Timothy Nanry ("Defendant"), by his attorneys Bond, Schoeneck &

King, PLLC, for his Answer to the First Amended Complaint of Plaintiff Daniel Sorokti

(hereinafter "Plaintiff"):

## I.      PARTIES

         1.      Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations contained in paragraph "1" of the First Amended Complaint.

         2.      Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations contained in paragraph "2" of the First Amended Complaint.

         3.      Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations contained in paragraph "3" of the First Amended Complaint.

         4.      Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations contained in paragraph "4" of the First Amended Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "5" of the First Amended Complaint

6.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "6" of the First Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "7" of the First Amended Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "8" of the First Amended Complaint.

9.      Admits Defendant is a New York State Trooper and denies the remaining allegations contained in paragraph "9" of the First Amended Complaint as calling for a legal conclusion and otherwise.

## II.      <u>JURISDICTION</u>

10.      Denies the allegations contained in paragraph "10" of the First Amended Complaint as calling for legal conclusion and otherwise.

11.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "11" of the First Amended Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "12" of the First Amended Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "13" of the First Amended Complaint.

14.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "14" of the First Amended Complaint.

15.     Denies the allegations contained in paragraph "15" of the First Amended Complaint as calling for legal conclusion and otherwise.

### III.     STATEMENT OF FACTS

**A.     Facts Common to All Causes of Action.**

16.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "16" of the First Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "17" of the First Amended Complaint.

18.     Denies the allegations contained in paragraph "18" of the First Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "19" of the First Amended Complaint.

**Thursday September 3 to Friday September 4, 2020**

20.     Denies the allegations contained in paragraph "20" of the First Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "21" of the First Amended Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "22" of the First Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "23" of the First Amended Complaint.

24.     Admits that he encountered Plaintiff on the night of September 3 to September 4, 2020 while deployed to the vicinity of Rochester's Public Safety Building

(the "PSB"), and otherwise denies the allegations contained in paragraph "24" of the First Amended Complaint.

25.     Admits that he encountered plaintiff on the night of September 3 to September 4, 2020 while deployed to the vicinity of the PSB, and otherwise denies the allegations contained in paragraph "25" of the First Amended Complaint.

26.     Admits that he encountered plaintiff on the night of September 3 to September 4, 2020 while deployed to the vicinity of the PSB, and otherwise denies the allegations contained in paragraph "26" of the First Amended Complaint.

27.     Admits that he encountered plaintiff on the night of September 3 to September 4, 2020 while deployed to the vicinity of the PSB, and otherwise denies the allegations contained in paragraph "27" of the First Amended Complaint.

28.     Denies the allegations contained in paragraph "28" of the First Amended Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "29" of the First Amended Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "30" of the First Amended Complaint.

31.     Denies the allegations contained in paragraph "31" of the First Amended Complaint.

32.     Denies the allegations contained in paragraph "32" of the First Amended Complaint.

33.     Denies the allegations contained in paragraph "33" of the First Amended Complaint.

34.     Denies the allegations contained in paragraph "34" of the First Amended Complaint.

35.     Denies the allegations contained in paragraph "35" of the First Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "36" of the First Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "37" of the First Amended Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "38" of the First Amended Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "39" of the First Amended Complaint.

**Friday September 4 to Saturday September 5, 2020**

40.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "40" of the First Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "41" of the First Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "42" of the First Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "43" of the First Amended Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "44" of the First Amended Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "45" of the First Amended Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "46" of the First Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "47" of the First Amended Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "48" of the First Amended Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "49" of the First Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "50" of the First Amended Complaint.

**Night of Saturday September 5 to Sunday September 6, 2020**

51.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "51" of the First Amended Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "52" of the First Amended Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "53" of the First Amended Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "54" of the First Amended Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "55" of the First Amended Complaint

56.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "56" of the First Amended Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "57" of the First Amended Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "58" of the First Amended Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "59" of the First Amended Complaint.

**B.**     **Unlawful Municipal Policies and Negligence of the City And RPD in Failing to Properly Train RPD Officers and On The Proper Handling of First Amendment Assemblies, and In Failing to Supervise and Discipline Officers Who Used Excessive Force Against Protesters.**

60.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "60" of the First Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "61" of the First Amended Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "62" of the First Amended Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "63" of the First Amended Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "64" of the First Amended Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "65" of the First Amended Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "66" of the First Amended Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "67" of the First Amended Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "68" of the First Amended Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "69" of the First Amended Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "70" of the First Amended Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "71" of the First Amended Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "72" of the First Amended Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "73" of the First Amended Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "74" of the First Amended Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "75" of the First Amended Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "76" of the First Amended Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "77" of the First Amended Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "78" of the First Amended Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "79" of the First Amended Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "80" of the First Amended Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "81" of the First Amended Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "82" of the First Amended Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "83" of the First Amended Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "84" of the First Amended Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "85" of the First Amended Complaint

86.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "86" of the First Amended Complaint.

**C.**     **Unlawful Municipal Policies and Negligence of the County and Sheriff BAXTER in Failing to Properly Train Sheriff's Deputies On The Proper Handling of First Amendment Assemblies, and In Failing to Supervise and Discipline Sheriff's Deputies Who Used Excessive Force Against Protesters.**

87.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "87" of the First Amended Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "88" of the First Amended Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "89" of the First Amended Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "90" of the First Amended Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "91" of the First Amended Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "92" of the First Amended Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "93" of the First Amended Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "94" of the First Amended Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "95" of the First Amended Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "96" of the First Amended Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "97" of the First Amended Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "98" of the First Amended Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "99" of the First Amended Complaint.

100.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "100" of the First Amended Complaint.

101.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "101" of the First Amended Complaint.

102.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "102" of the First Amended Complaint.

103.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "103" of the First Amended Complaint.

104.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "104" of the First Amended Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "105" of the First Amended Complaint.

### IV.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### Municipal Liability

***Pursuant to 42 U.S.C. § 1983 for Defendants Violations of Plaintiff's First, Fourth and Fourteenth Amendment Rights***

106.    Paragraphs "1" through "105" above or repeated and realleged herein as if fully set forth.

107.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "107" of the First Amended Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "108" of the First Amended Complaint.

### SECOND CLAIM FOR RELIEF

***Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiffs' First, Fourth and Fourteenth Amendment Rights During the Summer and Fall 2020 Racial Justice Protests* (Against the COUNTY and BAXTER)**

109.    Paragraphs "1" through "108" above or repeated and realleged herein as if fully set forth.

110.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "110" of the First Amended Complaint.

-12-

111.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "111" of the First Amended Complaint.

## THIRD CLAIM FOR RELIEF
### Excessive Force
### *Pursuant to 42 U.S.C. § 1983*

112.   Paragraphs "1" through "111" above or repeated and realleged herein as if fully set forth.

113.   Denies the allegations contained in paragraph "113" of the First Amended Complaint.

114.   Denies the allegations contained in paragraph "114" of the First Amended Complaint.

115.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "115" of the First Amended Complaint.

116.   Denies the allegations contained in paragraph "116" of the First Amended Complaint.

117.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "117" of the First Amended Complaint.

118.   Denies the allegations contained in paragraph "118" of the First Amended Complaint as calling for a legal conclusion and otherwise.

119.   Denies the allegations contained in paragraph "119" of the First Amended Complaint.

120.    Denies the allegations contained in paragraph "120" of the First Amended Complaint.

121.    Denies the allegations contained in paragraph "121" of the First Amended Complaint.

122.    Denies the allegations contained in paragraph "122" of the First Amended Complaint.

<u>**FOURTH CLAIM FOR RELIEF**</u>**:**
**Assault and Battery**

***Pursuant to New York State Law***

123.    Paragraphs "1" through "122" above or repeated and realleged herein as if fully set forth.

124.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "124" of the First Amended Complaint.

125.    Denies the allegations contained in paragraph "125" of the First Amended Complaint.

126.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "126" of the First Amended Complaint.

127.    Denies the allegations contained in paragraph "127" of the First Amended Complaint.

128.    Denies the allegations contained in paragraph "128" of the First Amended Complaint.

129.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "129" of the First Amended Complaint.

130.    Denies the allegations contained in paragraph "130" of the First Amended Complaint.

131.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "131" of the First Amended Complaint.

132.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "132" of the First Amended Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "133" of the First Amended Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "134" of the First Amended Complaint.

135.    Denies the allegations contained in paragraph "135" of the First Amended Complaint.

**FIFTH CLAIM FOR RELIEF**
**Unlawful Seizure / False Arrest**
***Pursuant to 42 U.S.C. § 1983***

136.    Paragraphs "1" through "135" above or repeated and realleged herein as if fully set forth.

137.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "137" of the First Amended Complaint.

138.    Denies the allegations contained in paragraph "138" of the First Amended Complaint.

139.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "139" of the First Amended Complaint.

140.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "140" of the First Amended Complaint.

141.    Denies the allegations contained in paragraph "141" of the First Amended Complaint.

142.    Denies the allegations contained in paragraph "142" of the First Amended Complaint.

143.    Denies the allegations contained in paragraph "143" of the First Amended Complaint.

144.    Denies the allegations contained in paragraph "144" of the First Amended Complaint.

<u>**SIXTH CLAIM FOR RELIEF**</u>
**Unlawful Seizure / False Arrest**
***Pursuant to New York State Law***

145.    Paragraphs "1" through "144" above or repeated and realleged herein as if fully set forth.

146.    Denies the allegations contained in paragraph "146" of the First Amended Complaint.

147.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "147" of the First Amended Complaint.

148.    Denies the allegations contained in paragraph "148" of the First Amended Complaint.

149.    Denies the allegations contained in paragraph "149" of the First Amended Complaint.

150.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "150" of the First Amended Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "151" of the First Amended Complaint.

152.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "152" of the First Amended Complaint.

153.    Denies the allegations contained in paragraph "153" of the First Amended Complaint.

154.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "154" of the First Amended Complaint.

155.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "155" of the First Amended Complaint.

156.    Denies the allegations contained in paragraph "156" of the First Amended Complaint.

## SEVENTH CLAIM FOR RELIEF
### First Amendment Infringements, Including First Amendment Retaliation *Pursuant to 42 U.S.C. § 1983*

157.    Paragraphs "1" through "156" above or repeated and realleged herein as if fully set forth.

158.    Denies the allegations contained in paragraph "158" of the First Amended Complaint.

159.    Denies the allegations contained in paragraph "159" of the First Amended Complaint.

160.    Denies the allegations contained in paragraph "160" of the First Amended Complaint.

161.    Denies the allegations contained in paragraph "161" of the First Amended Complaint.

162.    Denies the allegations contained in paragraph "162" of the First Amended Complaint.

163.    Denies the allegations contained in paragraph "163" of the First Amended Complaint.

164.    Denies the allegations contained in paragraph "164" of the First Amended Complaint.

165.    Denies the allegations contained in paragraph "165" of the First Amended Complaint.

166.    Denies the allegations contained in paragraph "166" of the First Amended Complaint.

167.    Denies the allegations contained in paragraph "167" of the First Amended Complaint.

**EIGHTH CLAIM FOR RELIEF**
**Failure to Intervene**
***Pursuant to 42 U.S.C. § 1983***

168.    Paragraphs "1" through "167" above or repeated and realleged herein as if fully set forth.

169.    Denies the allegations contained in paragraph "169" of the First Amended Complaint.

170.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "170" of the First Amended Complaint.

171.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "171" of the First Amended Complaint.

172.    Denies the allegations contained in paragraph "172" of the First Amended Complaint.

173.    Denies the allegations contained in paragraph "173" of the First Amended Complaint.

174.    Denies the allegations contained in paragraph "174" of the First Amended Complaint.

## EIGHTH [sic] CLAIM FOR RELIEF

### Negligent Training, Supervision and Discipline

### (Against BAXTER)

175.    Paragraphs "1" through "174" above or repeated and realleged herein as if fully set forth.

176.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "176" of the First Amended Complaint.

177.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "177" of the First Amended Complaint.

178.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "178" of the First Amended Complaint.

179.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "179" of the First Amended Complaint

180.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "180" of the First Amended Complaint.

## NINTH [sic] CLAIM FOR RELIEF

### Negligent Planning of the Protest Response

### (Against BAXTER)

181.    Paragraphs "1" through "180" above or repeated and realleged herein as if fully set forth.

182.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "182" of the First Amended Complaint.

183.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "183" of the First Amended Complaint.

184.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "184" of the First Amended Complaint.

185.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "185" of the First Amended Complaint.

186.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "186" of the First Amended Complaint.

187.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "187" of the First Amended Complaint.

188.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "188" of the First Amended Complaint.

189.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "189" of the First Amended Complaint.

190.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "190" of the First Amended Complaint.

191.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "191" of the First Amended Complaint.

192.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "192" of the First Amended Complaint.

193.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "193" of the First Amended Complaint.

## TENTH [sic] CLAIM FOR RELIEF

### Negligent Training, Supervision and Discipline

### (Against the CITY)

194.   Paragraphs "1" through "193" above or repeated and realleged herein as if fully set forth.

195.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "195" of the First Amended Complaint.

196.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "196" of the First Amended Complaint.

197.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "197" of the First Amended Complaint.

198.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "198" of the First Amended Complaint.

## ELEVENTH [sic] CLAIM FOR RELIEF

### Negligent Planning of the Protest Response

### (Against the CITY)

199.    Paragraphs "1" through "198" above or repeated and realleged herein as if fully set forth.

200.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "200" of the First Amended Complaint.

201.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "201" of the First Amended Complaint.

202.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "202" of the First Amended Complaint.

203.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "203" of the First Amended Complaint.

204.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "204" of the First Amended Complaint.

205.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "205" of the First Amended Complaint.

206.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "206" of the First Amended Complaint.

207.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "207" of the First Amended Complaint.

208.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "208" of the First Amended Complaint.

209.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "209" of the First Amended Complaint.

210.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "210" of the First Amended Complaint.

211.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "211" of the First Amended Complaint.

212.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "212" of the First Amended Complaint.

213.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "213" of the First Amended Complaint.

214.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "214" of the First Amended Complaint.

215.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "215" of the First Amended Complaint.

216.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "216" of the First Amended Complaint.

## TWELFTH [sic] CLAIM FOR RELIEF

**Negligence**
**(Against the RPD Officers and Sheriff's Deputies)**

217.   Paragraphs "1" through "216" above or repeated and realleged herein as if fully set forth.

218.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "218" of the First Amended Complaint.

219.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "219" of the First Amended Complaint.

220.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "220" of the First Amended Complaint.

221.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "221" of the First Amended Complaint.

222.   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "222" of the First Amended Complaint.

223.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "223" of the First Amended Complaint.

224.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "224" of the First Amended Complaint.

## V.    DEFENSES

### FIRST DEFENSE

195.    The First Amended Complaint fails to state a cause of action.

### SECOND DEFENSE

196.    Defendant is entitled to absolute and/or qualified immunity for the acts complained of in the First Amended Complaint.

### THIRD DEFENSE

197.    Plaintiff's claims are barred in whole or in part by the emergency doctrine.

### FOURTH DEFENSE

198.    Plaintiff's alleged damages were caused, in whole or in part, by his own culpable conduct, including without limitation contributory and/or comparative negligence or other fault.

### FIFTH DEFENSE

199.    Plaintiff's claims are barred in whole or in part by his own assumption of risk.

## SIXTH DEFENSE

200.    Plaintiff's alleged damages were caused or contributed to by culpable conduct attributable to others over whom Defendant neither had, nor exercised, any control.

## SEVENTH DEFENSE

201.    Plaintiff failed to join other necessary and indispensable parties.

## EIGHTH DEFENSE

202.    Defendant's liability is limited by Article 16 of the CPLR.

## NINTH DEFENSE

203.    Plaintiff's alleged damages were caused or contributed to, in whole or in part, by intervening or superseding causes.

## TENTH

204.    Upon information and belief, Plaintiff failed to take appropriate action to mitigate his alleged damages.

## ELEVENTH DEFENSE

205.    Defendant is or may become entitled to a set-off pursuant to New York General Obligations Law § 15-108.

## TWELFTH DEFENSE

206.    Recovery, if any, by Plaintiff must be reduced by the amounts paid or reimbursed by collateral sources pursuant to CPLR 4545(c).

## THIRTEENTH DEFENSE

207.   The First Amended Complaint was not filed or served within the statute of limitations.

## FOURTEENTH DEFENSE

208.   Plaintiff's claims are the subject of another pending action between the parties hereto or others united in interest with them.

## FIFTEENTH DEFENSE

209.   Plaintiff's claims are or may become precluded pursuant to the doctrines of res judicata and/or collateral estoppel.

## SIXTEENTH DEFENSE

210.   Plaintiff's claims are barred by the doctrine of eleventh amendment immunity.

## SEVENTEENTH DEFENSE

211.   Punitive damages are not recoverable in this action.

## EIGHTEENTH DEFENSE

212.   Plaintiff's claims are barred, in whole or in part, by the holdings in *Heck v. Humphrey*, *Edwards v. Balisok*, and their progeny.

## NINETEENTH DEFENSE

213.   The actions complained of were based on probable cause and/or reasonable suspicion.

**TWENTIETH DEFENSE**

214.    Defendant intends to rely upon such other defenses as may become available or apparent during the course of this litigation and thus reserves the right to amend or supplement this Answer to assert such additional defenses.

**WHEREFORE**, Defendant Timothy Nanry demands judgment:

a.      Dismissing the First Amended Complaint and each cause of action asserted therein;

b.      For a limitation of his liability to the Plaintiff;

c.      For his reasonable attorneys' fees;

d.      For the costs and disbursements of this action; and

e.      For such other and further relief as to the Court seems just and proper.

DATED:      Buffalo, New York
            January 31, 2022

                              BOND, SCHOENECK & KING, PLLC


                              By:   /s/ Mitchell J. Banas, Jr.
                                    Mitchell J. Banas, Jr., Esq.
                                    Kathleen H. McGraw, Esq.
                              *Attorneys for Defendant Timothy Nanry*
                              Avant Building, Suite 900
                              200 Delaware Avenue
                              Buffalo, New York  14202
                              (716) 416-7000
                              mbanas@bsk.com
                              kmcgraw@bsk.com

TO:   Elliot Dolby Shields, Esq.
      ROTH & ROTH, LLP
      *Attorneys for Plaintiff*
      192 Lexington Avenue, Suite 802
      New York, New York 10016
      (212) 425-1020
      eshields@rothandrothlaw.com

      Donald Thompson, Esq.
      EASTON THOMPSON
      KASPEREK SHIFFRIN LLP
      *Attorneys for Plaintiff*
      16 West Main Street, Suite 243
      Rochester, New York  14614
      (585) 423-8290
      dmthompson@etksdefense.com

CC:   Peachie L. Jones, Esq.
      Deputy Corporation Counsel
      THE CITY OF ROCHESTER
      *Attorneys for Defendant*
      *The City of Rochester*
      City Hall - Room 400A
      30 Church Street
      Rochester, New York 14614-1295
      (585) 428-7992
      peachie.jones@cityofrochester.gov

      Maria E. Rodi, Esq.
      MONROE COUNTY LAW DEPARTMENT
      *Attorney for Defendant Todd Baxter*
      307 County Office Building
      39 West Main Street
      Rochester, New York 14614
      (585) 753-1495
      MariaRodi@MonroeCounty.gov

13556657